UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHAWN MAYNARD COTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00081-NT |
| | ) | |
| PATRICIA BARNHART, *et als.*, | ) | |
| | ) | |
| Defendants | ) | |

**SUPPLEMENTAL RECOMMENDED DECISION**

In response to my original recommended decision, Cote has now filed what might be interpreted to be an "amended complaint" and various other documents in support of his "claim," including what he describes as a timeline summary. Most of that discussion concerns Cote's dissatisfaction with the grievance process at the prison, but it does not describe any actionable conduct by prison officials. Cote does allege that "most recently" one of the named defendants, Beuno, picked him out of eight or nine other inmates and accused Cote of calling him names, resulting in disciplinary action against Cote. That grievance is still pending in the prison process. (ECF No. 9-1, at 3).

However, Cote also describes other retaliatory acts and comments in his amended complaint by Unit Manager Worcester and by Waltz. Taken as a whole the amended complaint and accompanying documents could be viewed as a collection of retaliatory actions aimed at Cote simply because he originally complained about what he perceived as a racist comment by Beuno, when Beuno asked him if he "grew up on a reservation," which, in and of itself is an unactionable event as I explained in my original recommended decision. However, nothing in the amendment furthers any liability on the part of Warden Barnhart and I continue to recommend dismissal as to her. Barnhart's only involvement appears to have been in her role in

1

the grievance process.  She is not alleged to have made any racist comments or have taken any retaliatory measures against Cote and the lawsuit should not proceed against her.  In fact when Cote spoke with her about the original incident she told him that she would not "put up" with racial issues and that his complaint would be investigated further, which apparently was done.  (See ECF Nos. 1-2, at 2-3 and 9-1, at 1-2.)  Cote's mere discontent with the results of his grievance process does not support a stand-alone 42 U.S.C. § 1983 claim against Barnhart. See Lamon v. Junious, No. 1:09-cv-00484-GSA PC, 2009 WL 3248173, *4-5 (E.D. Cal. Oct. 8, 2009).  Nor can Barnhart be held liable as the supervisor of Beuno, Worcester, and Waltz under § 1983 on a theory of respondeat superior.  The First Circuit has observed: "It is by now axiomatic that the doctrine of respondeat superior does not apply to claims under section 1983." Gaudreault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990).  Warden Barnhart is entitled to judgment on the complaint because the complaint does not state a claim against her.

      The clerk should provide a notice of service to the attorney general's office as to Beuno, Worcester, and Waltz and the Court can further consider the case in light of the defendant's response to the complaint against those three individual officers.  Simply because Cote is Native American, assuming the truth of the allegations in his complaint, does not give him the right to defy prison rules and regulations.  On the other hand, simply because Cote complained about what he perceived as a racist remark by a prison guard, does not give corrections officers the right to retaliate against him because they disapprove of his original complaint.  At some point the retaliatory acts may themselves rise to the level of a constitutional violation.  In the absence of further briefing and response from the defendants, I am reluctant to recommend summary dismissal of the entire complaint without further explication of the nature of the subsequent disciplinary sanctions and the involvement of Beuno, Worcester, and Waltz in bringing and/or

deciding the merits of those sanctions.  Cote alleges the retaliation has gone beyond one search of his cell, including a write up for contraband in circumstances never before undertaken by the prison officials, denial of a food tray, further comments directed at Cote's racial background by Worcester and Waltz, and being "picked on" by Beuno.  On these allegations, sua sponte dismissal is inappropriate, although a Rule 12(b)(6) motion to dismiss might shed further light on the applicable legal standard to the facts now pled in the amended complaint.  For that reason, I RECOMMEND that service be allowed on three of the defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 16, 2012                                         /s/ Margaret J. Kravchuk
                                                              U.S. Magistrate Judge