UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MAYNARD COTE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00081-NT |
| | ) |
| PATRICIA BARNHART, et al. | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

    Shawn Cote, an inmate at the Maine State Prison, brings this action against Corrections Officers Eric Bueno and Gary Waltz and Unit Manager Rusty Worcester. Cote complains of racial discrimination based on statements allegedly made by Officer Bueno and UM Worcester concerning Cote's Native American background. Cote also alleges that the three officers retaliated against him because he exercised his right to complain and file grievances against them. The Court previously dismissed Warden Patricia Barnhart from the lawsuit. (ECF No. 11.) Now pending before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the three remaining defendants. Cote has not responded to the motion to dismiss. I recommend that the Court grant the motion.

**Legal Standard**

    When a district court has promulgated a local rule, such as the District of Maine's Local Rule 7(b), which requires a party to file a written objection to any motion, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to certain dispositive motion. Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002); ITI Holdings, Inc.v. Odom, 468 F.3d 17 (1st Cir. 2006) (applying the holding of Nepsk to Rule 12(b)(6)

motions). The only limitation on this discretion is that an order dismissing the case must "not clearly offend equity" or be inconsistent with the Federal Rules of Civil Procedure. (Id.)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Amended Complaint Allegations**

The initial incident alleged in the Amended Complaint occurred on July 14, 2011, in the prison's kitchen when Officer Bueno was the security supervisor there and Cote was on kitchen duty. At that time, Officer Bueno made Cote throw away a meatball sub he had on his lunch tray. Cote relates he was being fired from kitchen duty. Officer Bueno and Cote got into an argument during which Officer Bueno allegedly made the statement about Cote growing up on a reservation. That same day or the next, Cote filed a grievance about the incident, which grievance was denied. (See ECF No. 9-1, Page ID 47.)

Cote alleges that four months later (after he wrote to the unit management team and wrote to and spoke with the warden), UM Worcester interviewed him about the incident. Although Cote does not allege that Worcester made any racist remarks in that interview, he does allege that Worcester questioned aspects of his written grievance. (Id., Page ID 48.) The next

2

incident alleged by Cote occurred on December 21, 2011, over five months after the initial incident with Officer Bueno and approximately two weeks after Cote's interview with UM Worcester.  This incident did not involve Officer Bueno or UM Worcester but rather Officer Waltz, who searched Cote's cell and wrote him up for possession of contraband, "extra clothes," for which Cote had not been previously disciplined.  According to the complaint, during that incident, Cote himself brought up the claim that the search was "in retaliation for my complaints" and expressed the view that this was a "racist issue."  Officer Waltz allegedly responded, "What if it is?" (Id.)

     Next, Cote alleges that, on the same day, in the Special Management Unit (where he was apparently taken after his exchange with Officer Waltz), he requested but did not receive a food tray.  (Id.)  He does not allege that Bueno, Waltz, or Worcester (as opposed to the SMU staff) was involved in not providing him a food tray.  Cote then alleges that, at or near the same time as Waltz's cell search, UM Worcester spoke with him and advised him to "stop playing the race card" and stated: "You're around here claiming to be Indian.  You're whiter than I am." (Id.) Aside from these statements, there is no indication that Worcester imposed any discipline or took other adverse action against Cote.

     Finally, Cote alleges that he was singled out by Officer Bueno, accused of calling Bueno names, and subjected to disciplinary action, although Cote does not provide a date for this incident (beyond alleging in his amended complaint that it occurred "most recently").  (Id., Page ID 49.)  Cote does not allege that Officer Bueno made any racist remarks or referred to the initial grievance during this incident.

**Discussion**

Between mid-July 2011 and mid-May 2012, Cote was subjected to a smattering of remarks that might be termed "racially charged" or offensive.  He does not present a factual matrix showing widespread or repeated racial discrimination nor does he allege facts that demonstrate that he has been singled out for any unduly harsh punishments or treatments.  Nor has he ever responded to defendants' motion to dismiss in spite of having over one month to do so.

With respect to the level of conduct necessary to support a constitutional injury, this Court has previously stated that verbal threats, name-calling, and threatening language are not actionable under § 1983.  Ellis v. Meade, 887 F. Supp. 324, 329-30 (D. Me. 1995) (discussing name calling and inappropriate verbal statements in the context of an equal protection claim involving alleged gender harassment).  Even if Cote's complaint is viewed through the lens of a First Amendment retaliation claim, a plaintiff must allege facts sufficient to show that he engaged in protected activity, that the state took an adverse action against him, and that there was a causal link between the former and the latter.  Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  "De minimis reactions to protected speech" such as "minor annoyances or inconveniences that impose only a 'few days of discomfort,' 'a single minor sanction,' or an 'otherwise constitutional restriction'" will not satisfy the "adverse action" requirement.  Cole v. Thyng, 2011 WL 6020804, *15, 2011 U.S. Dist. Lexis 139159, *41-42 (D. N.H. Nov. 8, 2011) (McCafferty, Mag. J.) (citing Starr v. Dube, 334 Fed. Appx. 341, 342 (1st Cir. 2009) (per curiam) (quoting Morris v. Powell, 449 F. 3d 685, 685-86 (5th Cir. 2006))).  Cell searches, unpleasant looks, and verbal harassment are minor annoyances of everyday prison life and will not support a retaliation claim.  Starr, 33 Fed. Appx. at 342.  Despite having been given every

opportunity to set forth sufficient facts to show that officers retaliated against him because he complained about what may have been a racially charged stray comment, Cote has not presented sufficient facts to survive this motion.

Although my initial read of the complaint was that it should be dismissed for failing to state a claim, after Cote filed an amended complaint and in an abundance of caution I gave him the opportunity to proceed to service and further develop a record.  The defendants have now responded to the amended complaint with a reasoned motion to dismiss.  Cote has done nothing to further develop his claim or explain why it should not be dismissed.  Accordingly, I recommend that the Court grant the defendants' motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 21, 2012                     /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge